UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL J. HILL,

        Petitioner,

v.

ANTHONY J. ANNUCCI,

        Respondent.
_____

**DECISION AND ORDER**

6:21-CV-06373 EAW

# BACKGROUND

*Pro se* petitioner Michael J. Hill ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his September 2018 conviction for assault in the second degree.[1] Petitioner has filed several motions in connection with his amended petition, including: (1) a motion for a teleconference and a partial evidentiary hearing (Dkt. 31); (2) a motion requesting that the Court order respondent Anthony J. Annucci ("Respondent") to complete the record (Dkt. 33); and (3) a motion asking the Court to add certain documents to the record (Dkt. 35). For the reasons set forth below, the Court denies Petitioner's pending motions for a teleconference and a partial evidentiary hearing and to order Respondent to complete the record, but grants Petitioner's request to add certain documents to the record. The Court further orders Respondent to file a supplemental

---

[1]     The operative pleading is the amended petition, filed on August 10, 2021. (Dkt. 14).

memorandum of law within 45 days of entry of this Decision and Order. Petitioner may file a supplemental reply within 20 days of receipt of Respondent's supplemental filing.

## DISCUSSION

I. **Petitioner's Motions**

   A. **Motion for Teleconference and Partial Evidentiary Hearing**

The first pending motion that Petitioner has filed is for a teleconference and a partial evidentiary hearing. (Dkt. 31). In particular, Petitioner seeks an evidentiary hearing as to whether or not he exhausted his state court remedies. (*See id.*). However, the Court does not find, at this stage of the proceedings, that such an evidentiary hearing is necessary. *See Schriro v. Landrigan*, 550 U.S. 465, 468 (2007) ("In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court."). Accordingly, Petitioner's motion for a teleconference and a partial evidentiary hearing is denied.

   B. **Motion to Complete the Record**

Petitioner's second pending motion contends that the state court records filed by Respondent are incomplete because they do not contain a motion for reconsideration filed by Petitioner before the New York Court of Appeals. (Dkt. 33 at 1). Petitioner asks the Court to order Respondent to produce this motion. (*Id.* at 2-3). In response to this motion, Respondent filed a supplemental state court record that contains a copy of Petitioner's motion for reconsideration before the New York Court of Appeals. (Dkt. 39). Accordingly,

no further action by the Court is required with respect to this request. Petitioner's motion for the Court to order Respondent to complete the record is denied as moot.

C. **Motion to Add Documents to the Record**

Petitioner's third pending motion seeks to add to the record a copy of a motion he recently filed in state court and the state court's denial thereof. A brief background discussion is necessary to the Court's analysis.

In his amended petition, Petitioner claims (among other things) that his guilty plea was involuntary because he entered into it understanding that he would be able to appeal certain issues that the New York State Supreme Court, Appellate Division (the "Appellate Division") subsequently determined had been waived by the plea. (Dkt. 14 at 13-18). In his opposition to the amended petition, Respondent argued that this claim was unexhausted, and urged the Court to dismiss the amended petition without prejudice to re-filing, to allow Petitioner an opportunity to seek review of this claim in the state courts. (Dkt. 26 at 10-13).

After Respondent's opposition was filed, Petitioner filed a motion pursuant to New York Criminal Procedure Law ("CPL") § 440 in New York State County Court, Niagara County (the "County Court") seeking to vacate his guilty plea on the basis that it was involuntary. (Dkt. 32 at 6-22). The County Court denied this motion on March 23, 2022. (*Id*. at 4). Petitioner sought leave to appeal, and the Appellate Division denied his request on July 2, 2022. (Dkt. 35-1 at 4).

Petitioner asks the Court to add to the record in this case his CPL § 440 motion, as well as the County Court's denial thereof and the Appellate Division's denial of leave to appeal. Petitioner has filed no opposition to this request. Moreover, Rule 5 of the Rules

Governing Section 2254 Cases in the United States District Courts makes clear that the record in a habeas case should include "any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding," as well as "the opinions and dispositive orders of the appellate court relating to the conviction or the sentence."  Accordingly, the Court will include the additional documents submitted by Petitioner in the record.

The Court further finds that the addition of these documents to the record necessitates submission of a supplemental memorandum of law by Respondent. In particular, Respondent should supplement his response to Petitioner's claim that his guilty plea was involuntary in light of this additional information.

## CONCLUSION

For the reasons set forth above, the Court denies Petitioner's motions for a teleconference and partial evidentiary hearing (Dkt. 31) and to order Respondent to complete the record (Dkt. 33).  The Court grants Petitioner's motion to add new documents to the record (Dkt. 35) and orders Respondent to file a supplemental memorandum of law within 45 days of entry of this Decision and Order.  Petitioner may file a supplemental reply within 20 days of receipt of Respondent's supplemental filing.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: November 16, 2022
      Rochester, New York